### LEE et al. v. CALLAHAN et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. INJURY TO ANIMAL—EVIDENCE OF VALUE—SUFFICIENCY.

In an action for a negligent injury to a horse, the estimate of one plaintiff, who does not appear to have ever bought an animal, and a statement of the other plaintiff as to what he paid for the horse a year and a half before, with an admission that he does not know its market value, are insufficient to sustain a finding as to its value.

2. SAME—MANNER OF RAISING OBJECTION.

Defendant's motion, at the close of the case, to dismiss the complaint for failure to show facts constituting the cause of action, is sufficient to raise the question of the sufficiency of the evidence to sustain a finding of the value of the animal for injury to which suit is brought.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Irving H. Lee and James M. Gale, doing business under the firm name of the West End Delivery Company, against William H. Callahan and Frank McDermott, doing business under the firm name of the O. K. Bottling Company. From a judgment for plaintiffs, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

James E. Smith, for appellants.

Morris Kamber, for respondents.

MacLEAN, J. In this action, brought "for damages arising out of negligence," the plaintiffs adduced evidence to show, among other things, that the leg of their horse was broken in a collision between their vehicle and that of the defendants. They recovered judgment for their loss, in which an important item was the value of the horse, as to which no evidence was given, except the statement by one of the plaintiffs who does not appear to have ever bought an animal, and of the other that he had paid $65 for it a year and a half before, and that he did not know what was its market value. Much of the evidence might or should have been excluded upon proper objection. The defendants' motion, however, at the close of the case, to dismiss the complaint for failure to show facts constituting a cause of action, is sufficient to require reversal of the judgment founded upon an arbitrary judicial estimation of the value of the horse.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.